UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EUNICE RANDALL

VERSUS

BAY INSURANCE RISK
RETENTION GROUP, INC., ET AL.

CIVIL ACTION

NO. 20-430-JWD-SDJ

**RULING AND ORDER**

This matter comes before the Court on the *Rule 12(f) Motion to Strike Part of Plaintiff's Petition for Damages* (Doc. 7) filed by defendants Quality Carriers, Inc. ("Quality"); Bay Insurance Risk Retention Group, Inc. ("Bay Insurance"); and Robert Saunders ("Saunders") (collectively, "Defendants"). Plaintiff Eunice Randall ("Plaintiff") opposes the motion. (Doc. 10.) Defendants have filed a reply. (Doc. 11.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

I.  **Relevant Factual and Procedural Background**

On July 24, 2019, a collision occurred between motor vehicles operated by Eunice Randall and Robert Saunders. (*Petition for Damages* ("*Petition*") ¶¶ 4–6, Doc. 1-7.) Plaintiff alleges that, "[a]s a result of the crash, [she] sustained severe and disabling injuries" for which Saunders is liable. (*Id.* ¶¶ 16-18.) She further claims that Saunders' employer Quality is vicariously liable for the "fault, incompetence, and negligence of . . . Saunders" and independently liable to her because it "knew or should have known that . . . Saunders was a careless, incompetent, and/or reckless driver." (*Id.* ¶ 19(a)-(d).) Lastly, Plaintiff alleges that Bay Insurance is liable as Quality's insurer. (*Id.* ¶¶ 21–22.)

Plaintiff filed her *Petition* on June 12, 2020. (*Pet.*, Doc. 1-7 at 1.) Following removal (Doc. 1), on July 16, 2020, Defendants filed the instant motion to strike. (Doc. 7.)

At issue here are certain allegations in the *Petition*. Specifically, Plaintiff alleges that, "[a]t the time of the impact, the motor vehicle . . . Saunders was operating had a gross vehicle weight rating or gross combined vehicle weight rating of 117000 pounds," (*Pet.* ¶ 8, Doc. 1-7), and that Saunders "exercis[ed] less care than that which would be expected of a commercial driver operating a motor vehicle with a gross vehicle weight rating in excess of 100,000 pounds," (*id.* ¶ 17, subparagraph 12). Additionally, Plaintiff claims that Officer Jeffrey Louviere (1) "investigated the crash . . . [and] estimated that the . . . Saunders vehicle was traveling 65 miles per hour a[s] his vehicle struck the Randall vehicle," (*id.* ¶¶ 9-11); (2) "noted . . . Saunders's condition as inattentive," (*id.* ¶ 15); (3) "noted . . . Saunders's violation as cutting in, improper passing"; and (4) "issued . . . Saunders a citation pursuant to [La. R.S.] 32:79[,]" (*id.* ¶¶ 13–14).

**II.    Discussion**

    **A.  Parties' Arguments**

Defendants argue that "Plaintiff's Petition contains impermissible allegations regarding the investigating officer's investigation and findings following the subject accident as well as the gross vehicle weight of the Freightliner operated by . . . Saunders, which should be stricken from the pleading." (Doc. 7-1 at 2.) Defendants assert (1) that "the citation [issued to Saunders] is inadmissible, immaterial, and prejudicial to Defendants," (*id.* at 4); (2) that "Officer Louviere's opinions concerning fault, causation, or the violation of . . . Saunders are inadmissible, immaterial, and redundant," (*id.* at 6); and (3) that allegations "regarding the gross vehicle weight rating of the Freightliner operated by . . . Saunders . . . are irrelevant and immaterial and provided . . . in an effort to confuse and distract from the pertinent issues involved in this litigation," (*id.* at 7).

Plaintiff responds that, to meet their burden on this motion, the Defendants "must produce the required support to show that the allegations . . . have no possible relation to the controversy without relying on disputed questions of fact." (Doc. 10 at 2.) Further, Plaintiff maintains that Defendants must "factually and evidentiarily demonstrate how these allegations rise to the level of prejudice." (*Id.* at 4.)

Defendants reply that the disputed allegations regarding Officer Louviere's investigation "are prejudicial to Defendants," (Doc. 11 at 1), and that the "disputed facts are plainly shown by the police report" or otherwise "easily verified," (*Id.* at 2). Furthermore, the "immaterial and impertinent allegations . . . regarding the gross vehicle weight rating of the Freightliner operated by Mr. Saunders . . . will only cause confusion and distraction from the pertinent issues involved in this litigation" and "are prejudicial to Defendants." (*Id.* at 3.)

### B. Rule 12(f) Standard

Federal Rule of Civil Procedure 12(f) provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2020). *See also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (stating that the Fifth Circuit "review[s] a district court's ruling on a motion to strike for abuse of discretion.").

A party urging a motion to strike must meet certain requirements. "[M]otion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy[.]" *Coney*, 689 F.3d at 379 (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)); *see also Gilchrist v. Schlumberger Tech. Corp.*,

3

321 F.R.D. 300, 302 (W.D. Tex. 2017) (citing *Coney*, 689 F.3d at 379). Further, the mover must show that the "presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial[.]" *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus*, 306 F.2d at 868); *see also Global Adr, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, at *1 (citing *Niblo*, 821 F. Supp. at 449). Thus, as Wright and Miller states:

> [T]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy *and* may cause some form of significant prejudice to one or more of the parties to the action.

Wright & Miller, *supra*, at § 1382 (emphasis added); *see also Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868); *Global Adr*, 2003 WL 21146696, at *1 (citing *Niblo*, 821 F. Supp. at 449). *But see Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011), *on reconsideration in part*, No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("A motion to strike should be granted only when 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'" (quoting *Harris v. USA Ins. Companies*, No. 11-201, 2011 WL 3841869, at *1 (E.D. La. Aug. 30, 2011) (quoting *Johnson v. Harvey*, No. 96-3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998)))). This standard is a "heavy burden," *Gilchrist*, 321 F.R.D. at 302, and a "high bar," *Global Adr*, 2003 WL 21146696, at *1.

Looking at the specific grounds for striking, " '[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." Wright & Miller, *supra*, at § 1382. "Unnecessary jurisdictional allegations may be eliminated as immaterial as may averments of evidentiary facts." *Id.* "In addition, superfluous historical allegations also have been subject to a motion to strike, although allegations of this type may be

4

permitted in a pleading if they are relevant to the claim for relief or provide useful background for the parties and the court in the absence of any prejudice." *Id.*

With respect to the procedural aspects of motions to strike, "[a] motion to strike must comply with the requirement in Rule 7(b) that motions state with particularity the grounds therefor and set forth the nature of relief or type of order sought." *Id.* at § 1380. "All well-pleaded facts are taken as admitted on a motion to strike but conclusions of law or conclusions drawn from the facts do not have to be treated in that fashion by the district judge." *Id.* "The district court also should refrain from becoming enmeshed in the merits of the action or the legal sufficiency of the pleadings, although this may be difficult to prevent when the relevance or materiality of the challenged allegations is in issue on the motion." *Id*. at § 1382. "If the court grants a motion to strike redundant, immaterial, impertinent, or scandalous material, its order should delineate the matter to be eliminated with some care so as to avoid the excision of unobjectionable allegations and to prevent unnecessary controversy over the scope of the order." *Id.* Thus, "[i]f the district court determines that certain references in a pleading are prejudicial, only those references and not the entire paragraphs containing them should be stricken." *Id.* at § 1380.

"[T]he action of striking a pleading should be sparingly used by the court[.]" *Coney*, 689 F.3d at 379 (quoting *Augustus*, 306 F.2d at 868). "[S]triking a portion of a pleading is a drastic remedy[.]" *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868). Consequently, "motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." Wright & Miller, *supra*, at § 1382.

### C. Analysis

Having carefully considered the matter, the Court will deny Defendants' motion to strike. First, "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy[,]" *Coney*, 689 F.3d at 379, and, here, Defendants have not met that burden. Indeed, there is an obvious relationship between the allegations at issue and the controversy. This case involves the determination of liability for a motor vehicle collision and of the causation and nature of the alleged injuries resulting therefrom. Officer Louviere's investigation, his findings following the accident, and the gross vehicle weight of Saunders' Freightliner have a reasonable relationship to the claims for relief. In short, the disputed allegations are clearly material, and, on this ground alone, Defendants' motion could be denied. *See Omega Hosp., LLC v. United HealthCare Servs., Inc.*, No. 16-560, 2020 WL 7049857, at *13 (M.D. La. Dec. 1, 2020) (deGravelles, J.) (denying motion to strike in part because the "claims . . . certainly cannot be said to have 'no possible relation to the controversy.' " (citing *Coney*, 689 F.3d at 379)).

Second, even if Defendants had satisfied the "no possible relation" requirement, they also had to show that the "presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial[,]" *Niblo*, 821 F. Supp. at 449, and Defendants fail to meet this burden. Defendants offer nothing but vague and conclusory statements with no showing of how and to what degree they will be prejudiced by the inclusion of these allegations. Without more, Defendants' motion fails. *See* Wright & Miller, *supra*, at § 1382 ("Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f).").

Additionally, the Court rejects Defendants' contentions as to why the challenged allegations should be stricken. Defendants largely base their arguments on various provisions of the Federal Rules of Evidence and not Rule 12(f). (*See* Doc. 7-1 at 3, 5, 6.) Further, the cases cited by Defendants in support of their motion largely concern objections to evidentiary offerings at trial, including motions *in limine*, rather than the motion to strike at issue here. *See, e.g., Dawson v. Carbollosa*, No. 14-57, 2014 WL 7272768 (W.D. La. Dec. 18, 2014) (granting motion *in limine* to exclude citation for improper lane usage and redaction of accident report); *Iglinksy v. Player*, No. 08-650, 2010 WL 4925000 (M.D. La. July 16, 2020) (granting in part motion *in limine* to exclude opinions and testimony of investigating officer and portions of accident report); *Johnson v. Smith*, 11-853, p. 10 (La. App. 3 Cir. 3/14/12); 86 So.3d 874 (holding trial court did not abuse its discretion in excluding a traffic citation from evidence).[1]

This distinction is important. "With respect to Rule 8, Wright and Miller has stated:

> The pleading of "evidence" presents a somewhat different problem than does pleading in conclusory terms. Pleading in conclusory terms may hinder the opposing party's preparation of a responsive pleading and justify a motion for a more definite statement under Rule 12(e); by way of contrast, the pleading of evidence will rarely prejudice the opposing party or make it impossible for him to frame a responsive pleading. Of course, a pleading containing a great deal of evidentiary material does not qualify as the 'short and plain' statement required by Rule 8(a)(2) or comply with the 'simple, concise, and direct' mandate in Rule 8(d)(1). Nonetheless, it is contrary to the spirit of the federal rules to assert a technical objection of this character to a pleading that has given fair notice of the claim for relief. Moreover, the federal rules were intended to remove the rigidity of the codes and common law and allow the pleader to use his own judgment about how to tell his story—all within certain limits, of course. Thus, many federal courts have overlooked the presence of evidentiary material in a complaint. Some courts even have found the presence of evidentiary allegations helpful ... It is true that occasionally a pleading contains a plethora of evidentiary details and fails to provide a connecting thread, with the result that the defendant truly is unable to prepare a responsive pleading since he cannot decipher the statements in the claim for relief. When this is the case, repleading should be required. **However, unless the presence of evidentiary matters is prejudicial or confusing, the pleading or**

---

[1] While Defendants did cite one case involving a motion to strike—*Magee v. Reed*, No. 14-1986, 2020 WL 955043 (E.D. La. Feb. 27, 2020)—this motion was dismissed as moot rather than decided on the merits.

7

> **the objected to portions of it should not be ordered stricken.** Of course, this is a matter of judicial discretion since the court has the power to order a pleading dismissed under Rule 12 and many federal courts have taken a dim view of the pleading of evidence and have ordered repleading or have sustained motions to strike those portions of a pleading that contain evidentiary allegations. It always should be borne in mind that the federal rules reflect the judgment of the drafters that polishing the pleadings by means of motion practice rarely is worth the effort and has nothing to do with ascertaining the merits of the action."

*Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 474 (M.D. La. 2020) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1218 (3d ed. 2020) (emphasis added by *Spoon*)). Thus, in *Spoon*, the district court refused to strike certain photographs incorporated into the complaint and explained:

> Defendants herein do not argue that the photographs are prejudicial or confusing, and they are free to deny the allegations in their Answers; hence, the Court finds that the incorporation of these photos into the Amended Complaint does not violate the Federal Rules of Civil Procedure. The photographs are likewise not immaterial to the Plaintiffs' claims, and there is a clear relationship between the photos and the underlying controversy in this matter.

*Id.*; *see also Imani v. City of Baton Rouge*, No. 17-439, slip op. at 1 (M.D. La. Sep. 7, 2018) (deGravelles, J.) (denying motion to strike on most issues "because defendants have failed to meet their heavy burden of demonstrating that the figures, exhibits, videos, newspaper articles, evidentiary material and allegations (which were properly incorporated into the operative complaint) have no possible relation to the controversy and are unfairly and/or significantly prejudicial"). For similar reasons, this Court will not strike from the *Petition* allegations about evidentiary material like the investigating officer's report without immateriality and prejudice, and, here, there is neither.

Defendants' other case—*Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686 (E.D. La. July 8, 2011)—is also unavailing. In *Bayou Fleet*, the court granted the plaintiff's motion to strike in part. In doing so, the court reasoned that "the Parish's

state law discretionary immunity defense ha[d] no bearing upon the subject matter of the litigation" insofar as the plaintiff had not asserted any state law claims. *Id.* at *6. Likewise, the court struck the defendant's ripeness defense to a Fifth Amendment takings claim for having no relation to the controversy, as the plaintiff had not stated or implied such a claim. *Id.*

*Bayou Fleet* is inapposite to the instant case. In *Bayou Fleet*, defenses were stricken because the plaintiff had not made the claims at issue. Conversely, here, the allegations concerning Officer Louviere's opinions and the purported weight of the Freightliner have a direct relationship to the negligence claim that Plaintiff asserted. *See Spoon*, 335 F.R.D. at 474.

In sum, "[s]triking a pleading is generally disfavored, and it is a drastic remedy to be resorted to only when required for the purposes of justice [.]" *Spoon*, 335 F.R.D. at 470 (citations and quotations omitted). This standard is a "heavy burden," *Gilchrist*, 321 F.R.D. at 302, and a "high bar," *Global Adr*, 2003 WL 21146696, at *1. And "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." Wright & Miller, *supra*, at § 1382. Here, the Court finds that the allegations in question are neither immaterial nor prejudicial, so they will not be stricken under Rule 12(f). As a result, Defendants' motion will be denied.[2]

### III.   Conclusion[3]

Accordingly,

---

[2] The Court notes, as *Spoon* did, "To be clear, the Court is not ruling on the admissibility of any of these [allegations] at trial; thus, Defendants are free to challenge" both Officer Louviere's opinions as well as the gross vehicle weight of the Freightliner, "as may be appropriate, going forward." *Spoon*, 335 F.R.D. at 474.

[3] The Court notes in closing that this motion borders on frivolous. Given this Court's high case load for the past few years, *see* David Borghardt & Jamie Tullier, *Law Clerk Corner: Part 2*, THE BATON ROUGE LAWYER, Mar.–Apr. 2020, at 9, and given the further burdens on the Court caused by the COVID-19 pandemic, Defendants are cautioned that they should, in the future, avoid such unnecessary expenditures of party and judicial resources, *see* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and *the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).

9

**IT IS ORDERED** that Defendants' *Rule 12(f) Motion to Strike Part of Plaintiff's Petition for Damages* (Doc. 7) is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>February 22, 2021</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**